OPINION
{¶ 1} Tina L. Guertin, defendant-appellant, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which the court modified the child support obligation of Michael Guertin, plaintiff-appellee.
 {¶ 2} The parties were married on May 22, 1982, and divorced on August 27, 1997. The parties have two children, both of whom were minors at the time of the divorce. Pursuant to the divorce decree, appellee was ordered to pay $2,033.54 per month for *Page 2 
child support, among other orders. This court affirmed the trial court's judgment in Guertin v. Guertin (June 23, 1998), Franklin App. No. 97APF09-1264. In 2002, appellant sought an administrative review from the Franklin County Child Support Enforcement Agency ("CSEA"), and the CSEA issued an administrative adjustment recommendation on August 9, 2002, recommending an administrative modification of the child support payable from appellee to appellant of $1,414.70 per month. Despite that appellee's income was approximately $300,000 per year, in calculating the child support due, the CSEA, apparently pursuant to its standard practice, utilized false income amounts for the parties so that the combined income of the parties would total exactly $150,000, the top tier in the statutory child support guidelines. Appellant filed an objection with the trial court, asserting that the child support amount should be deviated upward from the amount statutorily required at the $150,000 and above level because the parties' combined income was substantially in excess of $150,000. The matter was tried to a magistrate on various dates from December 2004 to April 2005. The evidence indicated that, during the period from 2002 to 2004, appellee earned approximately $300,000 to $380,000, and appellant earned approximately $33,000 to $40,000. The magistrate filed a decision on April 4, 2006, ordering appellee to pay child support in the amount of $4,636.70 per month, effective September 1, 2002; $4,250.26 per month effective January 1, 2003; and $3,574.67 per month effective January 1, 2004. Both parties filed objections to the magistrate's decision. On October 24, 2006, the trial court journalized its decision, in which it ordered child support in the amount of $2,250 per month. After filing a notice of appeal in the present matter, appellant filed a motion to extend time to file the record, which we denied. Appellant then filed an application to reconsider, which this *Page 3 
court also denied. Thus, no transcript of any proceeding below has been filed. Appellant asserts the following assignments of error:
 1. THE TRIAL COURT IN IT'S [sic] DECISION (OCTOBER 3, 2006) ERRED AND ABUSED IT'S [sic] DISCRETION BY FAILING TO SET THE CHILD SUPPORT BASED ON THE QUALITATIVE NEEDS AND STANDARD OF LIVING OF THE CHILDREN AND PARENTS.
 2. THE TRIAL COURT IN IT'S [sic] DECISION (OCTOBER 3, 2006) ERRED AND ABUSED IT'S [sic] DISCRETION BY FAILING TO CALCULATE A HYPOTHETICAL CHILD SUPPORT AMOUNT THAT IS EQUIVALENT TO THE AMOUNT AN OBLIGOR WOULD PAY IF THE PARTIES HAD AN AGGREGATE GROSS INCOME OF $150,000 OR MORE (REFERRED TO AS "THE $150,000 EQUIVALENT").
 3. THE TRIAL COURT IN IT'S [sic] DECISION (OCTOBER 3, 2006) ERRED AND ABUSED IT'S [sic] DISCRETION BY FAILING TO ATTACH A GUIDELINE CHILD SUPPORT CALCULATION WORKSHEET TO IT'S [sic] DECISION.
 4. THE TRIAL COURT IN IT'S [sic] DECISION (OCTOBER 3, 2006) ERRED AND ABUSED IT'S [sic] DISCRETION WHEN IT FAILED TO JOURNALIZE THE METHOD AND JUSTIFICATION FOR THE CHILD SUPPORT OBLIGATION IT DETERMINED.
 {¶ 3} Appellant argues in her first assignment of error that the trial court erred in calculating appellee's child support obligation. A trial court has considerable discretion related to the calculation of child support, and, absent an abuse of discretion, an appellate court will not disturb a child support order. Pauly v. Pauly (1997), 80 Ohio St.3d 386,390. An abuse of discretion exists when the trial court's decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. There is no abuse of discretion where there is some competent, credible evidence supporting the trial court's decision. Ross v. Ross (1980), 64 Ohio St.2d 203, 208. *Page 4 
 {¶ 4} In the present case, it is undisputed that the parties' combined income was greater than $150,000. Under such circumstances, the court must calculate the child support obligation on a case-by-case basis and must consider the needs and the standard of living of the children and of the parents in doing so. R.C. 3119.04(B). Specifically, R.C.3119.04(B) provides:
 If the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court, with respect to a court child support order, or the child support enforcement agency, with respect to an administrative child support order, shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents. The court or agency shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, unless the court or agency determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount. If the court or agency makes such a determination, it shall enter in the journal the figure, determination, and findings.
 {¶ 5} Appellant argues under this assignment of error that the trial court erred when it failed to make any findings of fact pertaining to the needs and standard of living of the children, as required by R.C.3119.04(B). Appellant further contends that, when deciding the parties' objections to the magistrate's decision, the trial court did not incorporate into its decision any of the findings of fact and conclusions of law of the magistrate, did not request a copy of the transcript of the proceedings before the magistrate, and did not set forth any independent findings of fact regarding the parties' objections. However, we find the trial court did not err. *Page 5 
 {¶ 6} Initially, R.C. 3119.04(B) "does not require any explanation of [the trial court's] decision unless it awards less than the amount awarded for combined incomes of $150,000." Cyr v. Cyr, Cuyahoga App. No. 84255, 2005-Ohio-504, at ¶ 56; Pruitt v. Pruitt, Cuyahoga App. No. 84335, 2005-Ohio-4424, at ¶ 44, citing Cyr (the trial court is free to determine any amount above the guideline maximum without providing any reasons). Further, appellant cannot complain that the trial court failed to make findings of fact when appellant failed to request such pursuant to Civ.R. 52, which provides that "[w]hen questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise * * *, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law." See, also, Kager v.Kager (May 22, 2000), Stark App. No. 1999CA00252, citing Ruby v.Ruby (Aug. 11, 1999), Coshocton App. No. 99-CA-4 (appellant waived any error that the trial court's decision was too general by failing to request findings of fact, which would have revealed the specific reasons underlying the court's finding). When a party fails to request Civ.R. 52 findings of fact and conclusions of law, "the reviewing court must presume that the trial court applied the law correctly and must affirm if there is some evidence to support the judgment." Ratliff v. OhioDept. of Rehab. Corr. (1999), 133 Ohio App.3d 304, 311-312. See, also,Pettet v. Pettet (1988), 55 Ohio App.3d 128, 130 (when a party has not requested findings under Civ.R. 52, the court must presume regularity in the proceedings below and affirm as long as there is some evidence from which the court could have reached the ultimate issue); Ullmann v.State, Franklin App. No. 03AP-184, 2004-Ohio-1622, at ¶ 47. *Page 6 
 {¶ 7} Notwithstanding these legal obstacles that hamper our review of appellant's argument, a review of the trial court's decision regarding child support reveals the trial court impliedly adopted the magistrate's findings of fact. The court pointed out that a trial court's analysis of a party's objections is de novo and is based upon the magistrate's findings of fact unless a transcript is filed. The court then noted that neither party had objected to the findings of fact or provided a transcript of the proceedings. It is true that when an objecting party fails to provide a transcript, the trial court is limited to an examination of the magistrate's findings of fact. Wade v. Wade (1996),113 Ohio App.3d 414, 418. Therefore, we find the trial court adopted the magistrate's findings of fact by implication and based its decision upon those findings of fact.
 {¶ 8} Also, despite appellant's assertion to the contrary, it is not the duty of the trial court to request a transcript of the proceedings before the magistrate. The party who objects to the magistrate's decision has the duty to provide a transcript to the trial court. Civ.R. 53(E)(3)(b) (any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relative to that fact or an affidavit of that evidence if a transcript is not available); Weitzel v. Way, Summit App. No. 21539, 2003-Ohio-6822, at ¶ 17; Calhoun-Brannon v. Brannon, Trumbull App. No. 2003-T-0019,2003-Ohio-7216, at ¶ 9 (the duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision). Therefore, the trial court was not required to request a transcript of the proceedings before the magistrate.
 {¶ 9} In addition, a review of the trial court's decision reveals that the court made several independent findings that related to the needs and the standard of living of the children. The trial court found appellee pays for the children's health insurance, parochial *Page 7 
school, uniforms, and extracurricular activities, and appellee deposits money into college funds for the children. The trial court further noted that appellee "pays for many extra expenses that the children need/want." The trial court also indicated that the children live in the marital home, to which appellant has added a hot tub and large screen television since the divorce. Also, the trial court found the children have telephones and televisions in each of their rooms. The trial court stated that appellee spends significant amounts of money on the children outside of his support and other required payments. Therefore, the trial court did make several findings consistent with the considerations required by R.C. 3119.04(B). For all the above reasons, we overrule appellant's first assignment of error.
 {¶ 10} We will address appellant's second and third assignments of error together, as they assert related arguments. Appellant argues in her second assignment of error that the trial court abused its discretion when it failed to calculate a hypothetical child support amount that is equivalent to the amount an obligor would pay if the parties had an aggregate gross income over $150,000. Appellant argues in her third assignment of error that the trial court abused its discretion by failing to attach a child support guideline worksheet to its decision. It has been held that, pursuant to R.C. 3119.04(B), courts are required to calculate a hypothetical child support amount that is equivalent to the amount an obligor would pay if the couple had an aggregate gross income of $150,000 or more. Zeitler v. Zeitler, Lorain App. No. 04CA008444, 2004-Ohio-5551, at ¶ 8. This figure serves the "intended purpose" of constituting the "minimum child support award." Id., at ¶ 9. The court must ensure that the amount set is not less than the hypothetical amount calculated, unless awarding that amount would be unjust or inappropriate. Id., at ¶ 8. *Page 8 
 {¶ 11} However, we first note that there is no explicit requirement in R.C. 3119.04(B) that the trial court actually attach, or even compute, a worksheet using a combined gross income of $150,000. R.C. 3119.04(B) requires only that the court order an amount higher than the statutory obligation would be under such circumstances, or make findings if an amount higher than the statutory maximum would be inappropriate. Notwithstanding, even if the trial court were required to both calculate and attach a hypothetical child support worksheet, pursuant to R.C.3119.04(B), if only for the purpose of permitting appellate review, we find error harmless in the present case. The CSEA calculated a child support worksheet based upon the hypothetical situation in which the parties' gross income was $150,000, and that worksheet was included in the record. Appellant never contended that the amount calculated in the CSEA's worksheet was incorrect and does not contend such before this court on appeal. Additionally, appellant does not contend on appeal that the child support ordered by either the magistrate or the trial court was less than the amount that would be due if the parties had an aggregate gross income greater than $150,000. Thus, any error by the trial court in failing to complete and attach a guideline worksheet would be harmless.
 {¶ 12} Likewise, the evidence demonstrated that the child support ordered by both the trial court and the magistrate was, in fact, greater than the amount that would be ordered if the parties had a combined income over $150,000. The CSEA recommended child support in the amount of $1,414.70 per month based upon an income of $150,000. The magistrate ordered child support in the amount of $4,636.70 per month, effective September 1, 2002; $4,250.26 per month effective January 1, 2003; and $3,574.67 per month effective January 1, 2004. The trial court ordered child support in the amount of *Page 9 
$2,250 per month. Thus, the amount ordered by the trial court was clearly higher than what would be ordered based upon a combined income over $150,000.
 {¶ 13} A reviewing court will not disturb a judgment unless the error contained within is materially prejudicial to the complaining party.Fada v. Information Sys. Networks Corp. (1994), 98 Ohio App.3d 785,792. When avoidance of the error would not have changed the outcome of the proceedings, then the error neither materially prejudices the complaining party nor affects a substantial right of the complaining party. Id. Here, because the trial court's child support order was greater than the amount that would be ordered if the parties had a combined income over $150,000, appellant can demonstrate no prejudice resulting from the trial court's failure to attach a hypothetical worksheet using the $150,000 amount. Even if we were to remand the matter for the trial court to attach the worksheet, the trial court's decision would not be affected. See Crum v. Walters, Franklin App. No. 02AP-818, 2003-Ohio-1789, at ¶ 22, citing Hallworth v. Republic SteelCorp. (1950), 153 Ohio St. 349, paragraph three of the syllabus (error is considered harmless if it can be said that, in the absence of the error, the trier of facts would probably have made the same decision). Therefore, appellant's second and third assignments of error are overruled.
 {¶ 14} Appellant argues in her fourth assignment of error that the trial court abused its discretion when it failed to journalize the "method and justification" for its child support obligation. Appellant relies upon Zeitler, supra, for the proposition that, under circumstances where the parties have an aggregate income over $150,000, the court is bound by three requirements, one of which is "if [the court] decides the $150,000-equivalent is inappropriate or unjust (i.e., awards less), [it must] then journalize the *Page 10 
justification for that decision." Zeitler, at ¶ 8. Apparently, appellant herein seizes upon this requirement from Zeitler to argue that a court is required to journalize the method and justification for the support obligation in all cases when the parties' combined income is over $150,000. We disagree. Initially, Zeitler was decided by the Ninth District Court of Appeals and, thus, is not binding upon this court. Regardless, the above requirement from Zeitler specifically indicates that the court must journalize the justification only for a decision that awards less than the amount that would have been awarded under the hypothetical "$150,000-equivalent" worksheet. In addition, R.C.3119.04(B) does not contain the requirement urged by appellant. As indicated above, R.C. 3119.04(B) does not require any reasons in support of or explanation of the trial court's decision unless it awards less than the amount computed under the basic support schedule for a combined income over $150,000. See Cyr, supra, at ¶ 56. Therefore, we find the trial court was not required to journalize the "method and justification" for its child support obligation under the present circumstances, and appellant's fourth assignment of error is overruled.
 {¶ 15} Accordingly, appellant's first, second, third, and fourth assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
 McGRATH and TYACK, JJ., concur. *Page 1