[Cite as *Bohme v. Bohme*, 2017-Ohio-1190.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| MICHELLE HANLEY BOHME | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 27258 |
| | : | |
| v. | : | T.C. NO. 2009-DR-01281 |
| | : | |
| RICHARD K. BOHME | : | (Civil Appeal from Common Pleas |
| | : | Court, Domestic Relations) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____31st___ day of _____March_____, 2017.

. . . . . . . . . .

DAVID M. McNAMEE, Atty. Reg. No. 0068582, 2625 Commons Blvd., Suite A, Beavercreek, Ohio 45431
        Attorney for Plaintiff-Appellant

KEITH R. KEARNEY, Atty. Reg. No. 0003171 and AMY R. BLAIR, Atty. Reg. No. 0073760, 40 N. Main Street, Suite 2160, Dayton, Ohio 45423
        Attorneys for Defendant-Appellee

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Michelle H. Bohme (now known as Michelle Hanley), appeals from a judgment of the Montgomery County Court of Common Pleas, Domestic Relations Division, which granted the motion of her former husband, Richard K. Bohme, to reduce his monthly spousal support and child support obligations. For the following reasons,

the judgment of the trial court will be affirmed.

## I.   Procedural History

{¶ 2}   Hanley and Bohme were divorced in November 2013, after more than 20 years of marriage.   They had two children, one of whom was still a minor at the time of the divorce.   Bohme was ordered to pay spousal support in the amount of $9,000 per month for seven years, and to pay child support of $956 per month.

{¶ 3} In April 2014, while the parties' direct appeal from the divorce decree was pending, Bohme filed a request to modify his support orders based on a decrease in income.   Pursuant to an agreed order filed on January 26, 2015, the parties agreed that Bohme would withdraw his request for modification, that he would temporarily pay a reduced amount of spousal support (although the amount imposed in the divorce decree would continue to accrue), and that, after the appeal was resolved, either party could seek a modification of spousal support retroactive to the date of Bohme's April 14, 2014 request for a modification.   We decided the appeal shortly thereafter.   *Bohme v. Bohme*, 2d Dist. Montgomery No. 26021, 2015-Ohio-339.

{¶ 4}   On March 20, 2015, Bohme filed a motion to reduce his spousal support and child support obligations, due to reduced income from his dental practice.   On March 30, 2015, Hanley filed a motion to find Bohme in contempt for failure to pay support as ordered in the decree.   A magistrate held a hearing on both motions.

{¶ 5} On October 8, 2015, the magistrate found that Bohme's income had decreased substantially; accordingly, it reduced Bohme's spousal support obligation to $7,000 per month and reduced his child support obligation to $930 per month.   The reduction in spousal support was made effective May 1, 2014; the reduction in child

support was effective April 1, 2015. Although Bohme was current on his child support obligation at the time of the magistrate's decision, he was $97,463.33 in arrears on his spousal support obligation as of July 31, 2015; even with the retroactive modification of spousal support, Bohme had an arrearage of over $60,000. The magistrate found Bohme in contempt for failing to pay spousal support prior to the parties' agreed entry, sentenced him to ten days in jail, which was suspended on the condition that he pay spousal support as ordered, and ordered Bohme to pay $200 per month toward the arrearage, in addition to the new spousal support order of $7,000 per month. The magistrate also ordered Bohme to pay $350 in attorney's fees to Hanley for the contempt action.

{¶ 6} Hanley filed objections to the magistrate's decision. Specifically, she objected to the magistrate's finding that Bohme's income had decreased and to its order that the arrearage be repaid at a rate of only $200 per month. She noted that, at this rate, it would take 30 years for Bohme to pay the arrearage. Bohme did not file any objections.

{¶ 7} On August 11, 2016, the trial court ruled on Hanley's objections and issued its judgment. The trial court adopted the magistrate's finding that Bohme's income had decreased and that he was therefore entitled to a reduction in his support payments; it incorporated the new spousal support and child support amounts suggested by the magistrate. However, the trial court ordered that Bohme repay the arrearage at a rate of $1,500 per month. The court's judgment also adopted the magistrate's findings with respect to Bohme's contempt, his jail term (suspended on the condition that he pay his support obligations), and his payment of attorney fees to Hanley.

{¶ 8} Hanley raises one assignment of error on appeal, which challenges the trial court's determination of Bohme's income.

## II. Standard of Review

{¶ 9} A trial court has the authority to modify the amount of spousal support if the court determines that "the circumstances of either party have changed," and the decree contains a provision authorizing the court to modify the amount or terms of spousal support. R.C. 3105.18(E). A change of circumstances "includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses, or other changed circumstances * * *." R.C. 3105.18(F)(1). "The change must be one that is substantial and not contemplated at the time of the prior order." *Tremaine v. Tremaine,* 111 Ohio App.3d 703, 706, 676 N.E.2d 1249 (2d Dist.1996). "The burden of showing that a reduction of spousal support is warranted is on the party who seeks the reduction." *Reveal v. Reveal,* 154 Ohio App.3d 758, 2003-Ohio-5335, 798 N.E.2d 1132, ¶ 14 (2d Dist.).

{¶ 10} When a child support order is based on the child support guidelines set forth in R.C. 3119.02, a modification must be based on a "substantial" change of circumstances; a ten percent deviation from the existing order is considered "substantial." R.C. 3119.79(A). However, when the parties' combined income exceeds $150,000, child support must be determined in accordance with R.C. 3119.04, and the child support guidelines set forth in R.C. 3119.02 do not apply except to "[set] a floor beneath which support ordered under R.C. 3119.04(B) cannot fall." *Phelps v. Saffian*, 8th Dist. Cuyahoga No. 103549, 2016-Ohio-5514, ¶ 15, citing *Siebert v. Tavarez,* 8th Dist. Cuyahoga No. 88310, 2007-Ohio-2643, ¶ 31. R.C. 3119.04(B) does not address what

constitutes a substantial change of circumstances, but the needs of the child and the standard of living he or she has enjoyed are relevant factors, as in the initial determination of child support under R.C. 3119.04(B); the public policy interest reflected in the "substantial" change test of R.C. 3119.79(A) and (C), which is intended to prevent endless motions for modification based on incremental changes in income, is also relevant. *Id.* at ¶ 18-20.

{¶ 11} Trial courts are granted broad discretion concerning awards of spousal support and child support, and their orders will not be disturbed by an appellate court absent an abuse of that discretion. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 218, 450 N.E.2d 1140 (1983); *Shannon v. Shannon*, 2d Dist. Montgomery No. 26918, 2016-Ohio-3089, ¶ 9; *In re R.H.*, 2d Dist. Montgomery No. 26899, 2016-Ohio-6961, ¶ 29, citing *Snyder v. Snyder,* 8th Dist. Cuyahoga No. 95421, 2011-Ohio-1372, ¶ 42. The term "abuse of discretion" implies that the court's decision is unreasonable, arbitrary or unconscionable. *Blakemore* at 219.

### III.    Evidence Regarding Bohme's Reduced Income

{¶ 12} Bohme presented evidence about his income from his dental practice for 2013, 2014, and the first half of 2015. The dental practice is his only source of income, but part of his income is paid as wages and part as S-corporation income. Bohme's accountant testified about these numbers; he also presented Bohme's tax returns and a chart listing various types of income and expenses from 2011 through the first half of 2015.

{¶ 13} Based on this testimony and these documents, the trial court concluded that Bohme's income in 2013 was $454,949, and his income in 2014 was $369,040.

Assuming that his income from the second half of 2015 was not substantially different from the first half, his income for 2015 was "comparable" to 2014. The support payments ordered at the time of the divorce were based on Bohme's having income of $500,000 per year.

{¶ 14} Bohme testified that he had substantial debt on his practice from buying out a partner in 2003; this debt existed at the time of the divorce. He had also recently purchased his office building, but he testified that his monthly expense for the property had remained the same. There was no other rental income from the property. Bohme further testified that he was still paying off a debt on the marital home, which was "underwater" when the parties sold it. Bohme did not explain why he thought his dental practice was earning less income; he attributed his financial hardship to his debts. He testified that he had not been able to contribute to his retirement, savings, or other investments since the divorce, and stated that he had "a few hundred bucks" in a savings account. Bohme stated that he had never been able to meet the spousal support and child support obligations set forth in the divorce decree.

{¶ 15} Bohme testified that his monthly living expenses were approximately $11,000 per month. Since his divorce, he had purchased an engagement ring for $6 - $10,000, had a destination wedding, held a wedding reception at the NCR Country Club, and purchased a motorcycle and a new home. Bohme testified that he saved some money for the ring while he was separated and living with a friend, that he paid for the wedding in Washington with frequent flyer miles, and that his parents paid for part of his wedding reception. Bohme referred to payments on his loans as "mandatory payments"; when asked if the support payments were not also "mandatory payments," he stated "I

pay whatever I can afford."

{¶ 16}  Hanley testified that she was imputed income of $17,000 in the divorce, based on minimum wage.  She testified that she had held one job since the divorce, earning $10 per hour working 35-40 hours per week at a child care facility; she worked at the child care center for approximately 11 months, but she was not working at the time of the hearing due to a broken hand.

## IV.    The Trial Court's Findings

{¶ 17}  Based on this evidence, the trial court concluded that there had been a change of circumstances since the award of spousal support and a "substantial reduction" in Bohme's income.   The court noted that no expert testimony was offered to challenge Bohme's income calculations, the amount of his debt, "or the calculation of debt to income."   The court estimated the total reduction in Bohme's income in 2013, 2014 and the first half of 2015 at more than 22% as compared with the amount used in the original support calculations.   Thus, the court concluded that a reduction of spousal support from $9,000 per month to $7,000 was appropriate and "fairly reflects the decrease of [Bohme's] income."   The court made the spousal support modification effective May 1, 2014, in accordance with the parties' agreed entry that a motion for modification filed after the appeal could be retroactive.

{¶ 18}  However, the court found that Michelle's objection to repayment of the arrearage at the rate of $200 per month was well taken.   The court ordered repayment of the arrearage at a rate of $1,500 per month until the arrearage was satisfied, and it specified that if the arrearage were not satisfied at the end of the term of spousal support, repayment should continue at a rate of $8,500 per month until there was no money owed.

{¶ 19} With respect to child support, the trial court found that there had been a substantial reduction in Bohme's income that was not contemplated at the time of the issuance of the original support order. The trial court followed the magistrate's decision in reducing child support from $956 to $930 per month (with health insurance), effective April 1, 2015.

{¶ 20} Bohme's accountant testified about his reduced income from the dental practice, and his testimony was uncontradicted, although no explanation for the substantial reduction in the dental practice's income was offered. The trial court recognized that Bohme had substantial discretionary spending during the period in which he claimed to be unable to meet his support obligations – e.g., buying a motorcycle, buying an engagement ring, and having a destination wedding and a country club wedding reception – but Bohme testified that he had saved for these items during the parties' separation or had been assisted by his parents. This testimony, if believed by the trial court, mitigated Hanley's suggestion that Bohme was prioritizing his new life over his obligations under the divorce. Based on the evidence presented, the trial court did not abuse its discretion in concluding that Bohme's income had decreased substantially from what it had been when his initial spousal and child support orders were calculated and that the support payments should be reduced.

{¶ 21} The assignment of error is overruled.

## V. Conclusion

{¶ 22} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

HALL, P.J. and TUCKER, J., concur.

Copies mailed to:

David M. McNamee
Keith R. Kearney
Amy R. Blair
Hon. Timothy D. Wood