[Cite as *Sues v. Richardson*, 2019-Ohio-310.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| AMY L. SUES | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-101 |
| | : | |
| v. | : | Trial Court Case No. 2009-DS-747 |
| | : | |
| HOWARD R. RICHARDSON | : | (Domestic Relations Appeal) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of February, 2019.

. . . . . . . . . .

JOHN R. BUTZ, Atty. Reg. No. 0003453, 22 North Limestone Street, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

TODD D. SEVERT, Atty. Reg. No. 0060076, 18 East Water Street, Troy, Ohio 45373
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Howard R. Richardson, appeals from a judgment of the Clark County Court of Common Pleas, Domestic Relations Division, overruling his objections and adopting the magistrate's decision granting plaintiff-appellee Amy L. Sues's motion to increase the amount of his monthly child support obligation. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} Richardson and Sues were married on July 29, 1995. Two children were born as issue of the marriage, a daughter in 2001 and a son in 2003. After 14 years of marriage, the parties had their marriage dissolved by a Decree of Dissolution journalized on October 5, 2009.

{¶ 3} Pursuant to the Decree of Dissolution, Sues was designated the residential parent and legal custodian of the children, and Richardson was obligated to make monthly spousal and child support payments. For spousal support, Richardson was ordered to pay $750 per month for 48 months. For child support, Richardson was ordered to pay $1,756.31 per month (plus a two percent processing fee) when providing health insurance for the children.[1]

{¶ 4} As part of the child support obligation, Richardson was also ordered to pay a certain percentage of his annual bonuses. For the years 2010 through 2013, Richardson was ordered to pay 50% of his net bonus. Starting in 2014, and continuing until he is no longer required to pay child support, Richardson was ordered to pay 30% of his net bonus.

---

[1] At all relevant times, Richardson provided health insurance for the children.

{¶ 5} On April 10, 2017, Richardson filed a motion to modify the child support obligation. However, one month later, Richardson dismissed the motion. The day before the dismissal, Sues filed her own motion to modify the child support obligation. In her motion, Sues sought to have Richardson's monthly child support payment increased due to a change of income and due to the increasing needs of the children. Richardson thereafter responded to Sues's motion by filing a multi-branch motion, part of which requested his child support obligation be decreased due to a change of income.

{¶ 6} On November 6, 2017, a hearing on the motions was held before a trial court magistrate. During the hearing, the parties testified about their current living and financial situations. The parties also testified regarding their incomes during and after the 2009 dissolution. Specifically, Sues testified that, at the time of the dissolution, she was working part time and earning $36,000 a year. Richardson, on the other hand, testified that he was earning $111,408 a year, plus his annual bonus. Defendant's Exhibit A, which includes the basic child support computation worksheet prepared by the domestic relations court at the time of the dissolution, confirms the incomes testified to by the parties.

{¶ 7} Continuing, Sues testified that, after the dissolution, she began working full time in various academic positions and now receives an annual income of $72,000. Using Sues's paystub from February 2017, the magistrate calculated Sues's current gross annual income as $72,519.98. Richardson testified that he currently receives an annual income of $172,000, plus his annual bonuses. After averaging the annual bonuses that Richardson testified to receiving in 2014 through 2016, the magistrate calculated Richardson's current gross annual income as $182,184.31.

{¶ 8} Because the parties' current combined gross income was greater than $150,000, the magistrate applied R.C. 3119.04(B) to determine whether to modify Richardson's child support obligation. After applying R.C. 3119.04(B) and considering several factors set forth in R.C. 3119.23, the magistrate issued a decision and entry modifying Richardson's monthly child support obligation to $2,162.58 (plus processing fees).

{¶ 9} The modification ordered by the magistrate was a $406.27 increase from the original support order. The modification also represented an $868.16 upward deviation from the baseline amount of child support that is required by R.C. 3119.04(B). Although the magistrate increased Richardson's monthly child support obligation, the magistrate also eliminated Richardson's obligation to pay a percentage of his annual bonus.

{¶ 10} In reaching the modification decision, the magistrate considered several factors, including but not limited to, the disparity in the parties' incomes and the children's standard of living. The magistrate found a significant disparity existed between the parties' incomes, since Richardson's income comprised 72% of the parties' combined gross income. The magistrate also found that the children would have enjoyed a more comfortable, generous standard of living had the marriage between Richardson and Sues continued.

{¶ 11} On December 28, 2017, Richardson filed objections to the magistrate's decision. After conducting a de novo review of the entire record, the trial court issued a judgment entry overruling Richardson's objections and adopting the magistrate's decision to modify Richardson's child support obligation. Richardson now appeals from the judgment of the trial court, raising two assignments of error for review.

## First Assignment of Error

{¶ 12} Under his First Assignment of Error, Richardson contends that the trial court erred in adopting the magistrate's decision to increase the child support obligation beyond the baseline amount set forth in R.C. 3119.04(B). We disagree.

{¶ 13} When the combined gross income of the parties is greater than $150,000 per year, the standard child support guidelines set forth in R.C. 3119.02 are not applicable. Instead, the provisions of R.C. 3119.04(B) apply. *Bertram v. Bertram*, 2d Dist. Clark No. 2007-CA-135, 2009-Ohio-55, ¶ 11.

{¶ 14} R.C. 3119.04(B) provides as follows:

If the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court, with respect to a court child support order, or the child support enforcement agency, with respect to an administrative child support order, shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents. The court or agency shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, unless the court or agency determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount. If the court or agency

makes such a determination, it shall enter in the journal the figure, determination, and findings.

{¶ 15} Under R.C. 3119.04(B), the baseline amount of child support for parties with a combined gross income greater than $150,000 is the amount that would be awarded using the basic child support computation worksheet for a combined gross income of $150,000. *See Bajzer v. Bajzer*, 9th Dist. Summit No. 25635, 2012-Ohio-252, ¶ 5; ("[t]he level of support for a combined gross income of $150,000 is the starting point from which a trial court exercises its discretion in fashioning a child support award for parents with higher incomes"). A child support order issued under R.C. 3119.04(B) cannot fall below the baseline amount unless the court determines that amount "would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee[.]" R.C. 3119.04(B).

{¶ 16} If a trial court issues a child support order that falls below the baseline amount, the trial court must make findings with regards to its decision. R.C. 3119.04(B). Trial courts, however, may extrapolate upward from the baseline amount without making any findings. *Rucks v. Moore*, 2d Dist. Montgomery No. 27928, 2018-Ohio-4692, ¶ 37; *Bertram*, 2d Dist. Clark No. 2007-CA-135, 2009-Ohio-55, at ¶ 13; *Moore v. Moore*, 182 Ohio App.3d 708, 2009-Ohio-2434, 914 N.E.2d 1097, ¶ 16 (3d Dist.); *Guertin v. Guertin*, 10th Dist. Franklin No. 06AP-1101, 2007-Ohio-2008, ¶ 6; *Pruitt v. Pruitt*, 8th Dist. Cuyahoga No. 84335, 2005-Ohio-4424, ¶ 44.

{¶ 17} In determining an appropriate amount of child support, R.C. 3119.04(B) directs trial courts to make the determination on a "case-by-case basis" and to "consider the needs and standard of living of the children who are the subject of the child support

order and of the parents." Many courts, including this one, have found that when the income of the parents is greater than $150,000, "the appropriate standard for the amount of child support is that amount necessary to maintain the standard of living the children would have enjoyed had the marriage continued." *Rucks* at ¶ 37, citing *Murray v. Murray*, 128 Ohio App.3d 662, 671, 716 N.E.2d 288 (12th Dist.1999); *Moore* at ¶ 16; *Maguire v. Maguire*, 9th Dist. Summit No. 23581, 2007-Ohio-4531, ¶ 12.

{¶ 18} In addition, this court has held that the deviation factors set forth in R.C. 3119.23 "are also relevant to the court's assessment of the proper amount of child support when it makes its case-by-case assessment under R.C. 3119.04." *Elam v. Elam*, 2d Dist. Montgomery No. 25326, 2013-Ohio-957, ¶ 12. "Pursuant to R.C. 3119.23, when considering whether to deviate from the guidelines, a trial court may consider, among other factors, any special and unusual needs of the children; other court-ordered payments; extended times of visitation or extraordinary costs associated with visitation; financial resources and earning ability of the children; disparity in incomes of the parties; the financial resources and needs of each parent; the standard of living of each parent and the standard of living the children would have enjoyed but for the separation of the parties; physical and emotional needs of the children; and educational needs and opportunities of the children." *Id.*

{¶ 19} An award of child support is left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. (Citations omitted.) *Bohme v. Bohme*, 2d Dist. Montgomery No. 27258, 2017-Ohio-1190, ¶ 11. An abuse of discretion occurs where a trial court's decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140

(1983). "[M]ost instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 20} In this case, Richardson claims that the trial court's decision to upwardly deviate from the baseline amount of child support in R.C. 3119.04(B) was an abuse of discretion because the trial court failed to consider the needs and standard of living of the children. According to Richardson, the trial court instead made a bare assertion that the baseline amount of child support was unjust and inappropriate and required an upward deviation. Richardson also claims that there is nothing in the record supporting the upward deviation ordered by the trial court, because the evidence indicates that the children's standard of living had increased since the dissolution of the parties' marriage and that there was sufficient income to meet the children's needs. We find no merit to Richardson's claims.

{¶ 21} First, we note that Richardson misconstrues the standard for determining the amount of child support under R.C. 3119.04(B). As previously noted, "the appropriate standard for the amount of child support is that amount necessary to maintain the standard of living the children would have enjoyed had the marriage continued." (Citation omitted.) *Rucks*, 2d Dist. Montgomery No. 27928, 2018-Ohio-4692, at ¶ 37. The fact that the children's standard of living may have increased somewhat over the years due to Sues's greater income does not necessarily indicate that the children are enjoying the same standard of living that they would have enjoyed had the parties

remained married.

**{¶ 22}** Richardson also incorrectly argues that the trial court failed to consider the needs and standard of living of the children. In its decision, the trial court expressly stated that it had considered all the deviation factors set forth in R.C. 3119.23, which include the children's needs and standard of living. Although not required to do so, the trial court also made an explicit finding with regards to the children's standard of living. Specifically, the trial court found "from the totality of the credible evidence, that the children's standard of living would have been more comfortable and generous had the parties' marriage continued, which is consistent with the findings made by the Magistrate herein." Decision/Final Judgment Entry (Aug. 22, 2018), Clark Domestic Relations Case No. 2009-DS-0747, Docket No. 52, p. 7.

**{¶ 23}** In conducting its de novo review of the record, the trial court also considered the disparity in the parties' incomes. The trial court noted that "there is a significant disparity between the parties' respective incomes, in that Mr. Richardson's gross annual earnings are more than twice that of the gross annual earnings of Ms. Sues, regardless of what that disparity was more than eight years ago." *Id.* at 6.

**{¶ 24}** The aforementioned findings by the trial court were not unreasonable and were supported by the record. Since the dissolution of the parties' marriage, Richardson's current gross income had grown by approximately $70,000 to $182,184.31. This was more than double Sues's current income. The record also indicates that Richardson lived in a $450,000 home, owned multiple vehicles worth over $20,000, and had the ability to purchase extravagant items such as a $30,000 diamond ring for his current wife. In contrast, Sues and her children lived in a $175,000 home, owned used

vehicles, and lived the same basic, non-extravagant lifestyle that they lived ten years ago when Sues earned $36,000 and Richardson earned $111,408. Under these circumstances, it was not unreasonable for the trial court to conclude that the children would have had an enhanced standard of living had the parties not ended their marriage.

{¶ 25} Although not discussed by the trial court, the record also indicates that the parties' daughter had special physical needs, given that she had survived liver cancer and had a liver transplant in 2004. As a result of her condition, the parties' daughter required regular blood draws and appointments with medical specialists that cost a few thousand dollars out-of-pocket annually. While the record indicates that the daughter had a "Children's Organ Transplant Association" fund from which medical expenses could be paid, Sues testified that she tried to use the fund prudently and did not draw from it on a regular basis.

{¶ 26} The record also indicates that the children had emotional needs that incurred expenses, as both children had been in counseling for ten years largely due to the difficult relationship they have with Richardson. The record further indicates that the children were with Sues on a daily basis and that Richardson engaged in little to no parenting time. Although Richardson placed $50 per month in a 529 tax-advantaged savings plan for the children's future college education and occasionally paid for some of the children's extracurricular activities, the trial court considered these contributions in exercising its discretion to upwardly deviate from the baseline amount of child support.

{¶ 27} After a thorough review of the record, we find no merit to Richardson's claim that the record fails to support an upward deviation from the baseline amount of child support provided in R.C. 3119.04(B). Under the facts and circumstances of this case, it

was not unreasonable for the trial court to upwardly deviate from the baseline amount of child support. Therefore, the trial court's decision to do so was not an abuse of discretion.

{¶ 28} Richardson's First Assignment of Error is overruled.

**Second Assignment of Error**

{¶ 29} Under his Second Assignment of Error, Richardson argues that the trial court erred by conducting an insufficient, cursory review of the deviation factors set forth in R.C. 3119.23. Specifically, Richardson claims that, before upwardly deviating from the baseline amount of child support in R.C. 3119.04(B), the trial court was required to do more than make a blanket statement indicating that it considered the deviation factors. Richardson also claims that, had the trial court properly analyzed the deviation factors, it would have found that the factors weighed against upwardly deviating from the baseline amount of child support. We disagree.

{¶ 30} R.C. 3119.23 provides that the trial court may consider certain factors when determining whether to deviate from the amount of support that is computed using the basic child support computation worksheet. Some of the relevant factors in R.C. 3119.23 are as follows: (1) special and unusual needs of the children; (2) extended parenting time or extraordinary costs associated with parenting time; (3) disparity in income between parties or households; (4) the relative financial resources, other assets and resources, and needs of each parent; (5) the standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married; and (6) the physical and emotional condition and needs of

the child.

{¶ 31} As previously discussed, while the deviation factors in R.C. 3119.23 are relevant in determining the appropriate amount of child support for parties with combined incomes greater than $150,000, R.C. 3119.04(B) does not require the trial court to make any findings with regards to its decision to upwardly deviate from the baseline amount of child support.   Therefore, Richardson's claim that the trial court conducted an insufficient, cursory review lacks merit.

{¶ 32} Also lacking merit is Richardson's claim that the deviation factors weighed against an upward deviation.   As noted under the First Assignment of Error, when considering the disparity in the parties' incomes, the children's standard of living, the physical and emotional needs of the children, Richardson's greater financial resources, and Sue's extended parenting time, it was not unreasonable for the trial court to upwardly deviate from the baseline amount of child support.

{¶ 33} Richardson's Second Assignment of Error is overruled.


## Conclusion

{¶ 34} Having overruled both assignments of error raised by Richardson, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies sent to:

John R. Butz
Todd D. Severt
Hon. Thomas J. Capper