[Cite as *In re A.W.*, 2019-Ohio-1472.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

IN RE: A.W. AND J.W.

                     :

                     :       Appellate Case No. 28159

                     :       Trial Court Case No. 2017-1108
                     :                            & 2017-1109

                     :       (Appeal from Common Pleas Court-
                     :       Juvenile Division)

                     :

. . . . . . . . . .

O P I N I O N

Rendered on the 19th day of April, 2019.

. . . . . . . . . .

L. ANTHONY LUSH, Atty. Reg. No. 0046565, 2160 Kettering Tower, Dayton, Ohio 45423
      Attorney for Respondent-Appellant

R.A.
      Petitioner-Appellee, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Respondent-appellant Father appeals from a judgment of the Montgomery County Court of Common Pleas, Juvenile Division, which awarded petitioner-appellee Mother child support for their two children, A.W. and J.W. The court ordered Father to

pay $2,383.15 per month for each child.[1]   Father filed a timely notice of appeal with this Court on October 3, 2017.

{¶ 2} Mother and Father are the parents of J.W. and A.W., who were born in 2007 and 2011, respectively.  Mother and Father never married but did reside together with both children until approximately the middle of 2013, when the parents split up and Mother moved out.  Between 2013 and 2016, there was no child support order in place, but Father testified that he gave Mother approximately $800 every two weeks for the care and well-being of J.W. and A.W.  During the summer, Father testified that he gave Mother approximately $1,000 every two weeks for the children.

{¶ 3} Mother testified that, at some point in 2016, Father stopped giving her money for the children's care.  Accordingly, Mother petitioned the Montgomery County Child Support Enforcement Agency (MCCSEA) for a determination of Father's child support for J.W. and A.W.  Thereafter, an administrative hearing was held before the MCCSEA on January 20, 2017.  Mother appeared at the hearing and provided testimony, but Father was not present.  On January 24, 2017, the MCCSEA issued an administrative order recommending an award of child support to Mother in the amount $2,810.72 per month for both children.

{¶ 4} On February 23, 2017, Father filed an objection to the administrative support order issued by the MCCSEA, essentially arguing that the child support award recommended by the MCCSEA was not supported by the evidence.  On July 25, 2017,

---

[1] All of the child support recommendations and orders in this case included an alternate, slightly higher amount if the children were not covered by medical insurance.  For purposes of this appeal, we refer only to the amounts of child support ordered if medical insurance were provided for the children.  The support awards were also subject to an additional two percent processing fee.

a hearing was held before a juvenile court magistrate on Father's objection. Present at the hearing were Father and his counsel, Mother, who was not represented by counsel, and counsel for the MCCSEA. After hearing testimony and viewing exhibits, the magistrate took the matter under advisement. In her decision issued on August 23, 2017, the magistrate sustained Father's objection to the administrative support order, making the following findings:

- The objection to the administrative child support order * * * is sustained and child support shall be recalculated de novo as set forth in this Order.

- In accordance with the Ohio Revised Code 3119.04(B) and after careful review of the evidence *the Court finds it would be unjust and not in the best interest of the children to cap the income at $150,000.00.*

- The father is employed by the Cleveland Clinic.

- From January 1, 2017 to April 30, 2017 the father's year to date gross income was $133,048.45.

- [Mother's] gross income is less than $17,000.00 per year.

- The father was given credit for his daycare expenses paid. However, [he] could not be given credit for any school expense.

- The father stated that he has nine (9) other children but only has one (1) minor biological child who resides with him.

- The father is not Court ordered to provide child support to the other children. Therefore, no credit was given.

- The father had provided for [A.W. and J.W.] previously but has withheld funds from the mother in the past.

- Upon calculation of support with a cap of $150,000.00, the support order would be $871.50 per month, per child.

- [Father] has health insurance available at a reasonable cost and thus a health care order shall issue.

(Emphasis added.) Magistrate's Dec. p. 1-2. Based upon her findings, the magistrate recalculated Father's child support obligation for A.W. and J.W. to be $2,383.15 per month for each child.

{¶ 5} On September 6, 2017, Father filed an objection to the magistrate's decision and a request to file supplemental objections once he received a copy of the transcript of the hearing. The trial court granted Father's request to file supplemental objections on September 20, 2017. After being granted three extensions by the trial court, Father filed his supplemental objections to the magistrate's decision on January 30, 2018.

{¶ 6} Thereafter on September 12, 2018, the trial court issued a judgment affirming and adopting the magistrate's decision ordering Father to pay child support for A.W. and J.W. in the amount of $2,383.15 per month for each child.

{¶ 7} It is from this judgment that Father now appeals.[2]

{¶ 8} Father's sole assignment of error is as follows:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO MEET THE STATUTORY REQUIREMENTS AS SET OUT IN O.R.C. 3119.04(B) WHEN CALCULATING AND ESTABLISHING CHILD

---

[2] Mother did not file a brief in this appeal.

SUPPORT.

{¶ 9} In his sole assignment, Father contends that the trial court failed to properly consider the statutory requirements set forth in R.C. 3119.04(B) when it calculated his child support obligation for A.W. and J.W. Specifically, Father argues that there was no evidence adduced which supported a child support award in excess of the baseline amount based on a combined gross income of $150,000, as set forth in R.C. 3119.04(B).

{¶ 10} When the combined gross income of the parties is greater than $150,000 per year, the standard child support guidelines set forth in R.C. 3119.02 are not applicable. Instead, the provisions of R.C. 3119.04(B) apply. *Bertram v. Bertram*, 2d Dist. Clark No. 2007-CA-135, 2009-Ohio-55, ¶ 11. In the instant case, Father does not dispute that his yearly income alone from his employment as a doctor at the Cleveland Clinic exceeds $150,000. Clearly, Mother's and Father's yearly incomes, when combined, were in excess of the baseline amount of $150,000 as set forth in R.C. 3119.04(B).

{¶ 11} At the time of the trial court's judgment, R.C. 3119.04(B) stated as follows:

If the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court, with respect to a court child support order, or the child support enforcement agency, with respect to an administrative child support order, shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents. The court or agency shall compute a basic combined child support obligation that is no less than the

obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, unless the court or agency determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount. If the court or agency makes such a determination, it shall enter in the journal the figure, determination, and findings.

{¶ 12} Under the version of R.C. 3119.04(B) in effect at the time of the trial court's judgment, the baseline amount of child support for parties with a combined gross income greater than $150,000 was the amount that would be awarded using the basic child support computation worksheet for a combined gross income of $150,000. *Sues v. Richardson*, 2d Dist. Clark No. 2018-CA-101, 2019-Ohio-310, ¶ 15; *see also Bajzer v. Bajzer*, 9th Dist. Summit No. 25635, 2012-Ohio-252, ¶ 5 ("[t]he level of support for a combined gross income of $150,000 is the starting point from which a trial court exercises its discretion in fashioning a child support award for parents with higher incomes"). A child support order issued under R.C. 3119.04(B) cannot fall below the baseline amount unless the court determines that amount "would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee[.]" R.C. 3119.04(B).

{¶ 13} If a trial court orders child support in an amount that is below the baseline amount, the trial court must make findings with regards to its decision. R.C. 3119.04(B). Trial courts, however, may extrapolate upward from the baseline amount without making any findings. *Rucks v. Moore*, 2d Dist. Montgomery No. 27928, 2018-Ohio-4692, ¶ 37; *Bertram*, 2d Dist. Clark No. 2007-CA-135, 2009-Ohio-55, at ¶ 13; *Moore v. Moore*, 182

Ohio App.3d 708, 2009-Ohio-2434, 914 N.E.2d 1097, ¶ 16 (3d Dist.); *Guertin v. Guertin*, 10th Dist. Franklin No. 06AP-1101, 2007-Ohio-2008, ¶ 6; *Pruitt v. Pruitt*, 8th Dist. Cuyahoga No. 84335, 2005-Ohio-4424, ¶ 44.

{¶ 14} In determining an appropriate amount of child support, R.C. 3119.04(B) directs trial courts to make the determination on a "case-by-case basis" and to "consider the needs and standard of living of the children who are the subject of the child support order and of the parents." *Sues* at ¶ 17, quoting R.C. 3119.04(B). Additionally, we have previously held that the deviation factors set forth in R.C. 3119.23 "are also relevant to the court's assessment of the proper amount of child support when it makes its case-by-case assessment under R.C. 3119.04." *Id.* at ¶ 18, citing *Elam v. Elam*, 2d Dist. Montgomery No. 25326, 2013-Ohio-957, ¶ 12. "Pursuant to R.C. 3119.23, when considering whether to deviate from the guidelines, a trial court may consider, among other factors, any special and unusual needs of the children; other court-ordered payments; extended times of visitation or extraordinary costs associated with visitation; financial resources and earning ability of the children; *disparity in incomes of the parties; the financial resources and needs of each parent; the standard of living of each parent and the standard of living the children would have enjoyed but for the separation of the parties*; physical and emotional needs of the children; and educational needs and opportunities of the children." (Emphasis added.) *Id.*, quoting *Elam.*

{¶ 15} An award of child support is left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Bohme v. Bohme*, 2d Dist. Montgomery No. 27258, 2017-Ohio-1190, ¶ 11. An abuse of discretion occurs where a trial court's decision is "unreasonable, arbitrary or unconscionable." *Blakemore v.*

*Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).  "[M]ost instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).  "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 16} On appeal, Father argues that, although the trial court "may" not be required to make any findings with respect to its decision to award child support in excess of the amount based on a combined income of $150,000 as set forth in R.C. 3119.04(B), the trial court made findings which were not supported by the evidence adduced at the hearing before the magistrate.  Specifically, Father directs us to the following excerpt from the trial court's decision:

> In calculating Father's child support obligation pursuant to O.R.C. 3119.04(B) and after careful review of the evidence, *the Court has considered the needs and standard of living of the children, as well as both parents in deciding that removing the $150,000.00 combined gross income cap on child support is in the best interest of the children.  The evidence presented supports this finding.*
>
> *The Court finds that it would be unjust and not in the best interest of the children to cap the income at $150,000.00.*

(Emphasis added.)

{¶ 17} Father argues that no evidence was adduced at the hearing with respect to the needs and/or respective lifestyles of the parents.  Additionally, Father asserts that no

evidence was adduced which would permit the trial court to make any findings regarding the needs of the children and/or their standard of living. Thus, Father contends that the trial court's decision to award child support in excess of the baseline amount of for combined income of $150,000 was not supported by competent and credible evidence.

{¶ 18} As previously stated, Father was employed at the Cleveland Clinic. Father's 2016 W-2 from the Cleveland Clinic listed his wages as $94,649.24, with Social Security wages of $97,618.86. Tr. 11, Exhibit 2. Father also provided his pay stub from the Cleveland Clinic dated April 28, 2017, which stated that he had earned a gross income of $134,636.07 *for the first four months of 2017*. Tr.10, Exhibit 1. Father further testified that he had nine dependents/children in total. However, with the exception of A.W. and J.W., Father testified that he did not pay any court-ordered child support for any of his children, but he provided informal support for his other children. Father also testified that he had one biological child who lived with him.

{¶ 19} On the other hand, the evidence adduced at the hearing established that Mother was employed by Stratton Home Care, where she earned $10 an hour. Tr. 34. Mother worked between 25 and 40 hours per week at Stratton Home Care. *Id.* Mother testified that, every other week, she worked for Miami Valley Home Health for approximately three hours, where she also earned $10 an hour. Mother testified that, on average, she earned approximately $300 a week. The record establishes that Mother earned less than $17,000 a year.

{¶ 20} Based upon the evidence presented at the hearing, Father earned in just four months almost eight times what Mother earned in an entire year. Thus, the significant income disparity between Mother and Father and the likely higher standard of

living that A.W. and J.W. would have enjoyed were certainly factors the trial court properly considered when it decided to deviate from the child support calculation based on combined income of $150,000 as set forth in R.C. 3119.04(B).

{¶ 21} Moreover, the evidence established that A.W. attended private school for pre-school in 2016-2017 at a cost of $3,700 per year. J.W. also attended private school, which cost $4,095 for the 2016-2017 school year. Father testified that A.W. and J.W. would attend the same private school (J.W.'s current school) for the 2017-2018 school year.

{¶ 22} Attending private school is one aspect of a child's standard of living. *Rucks*, 2d Dist. Montgomery No. 27928, 2018-Ohio-4692, ¶ 39; *see Rand v. Rand*, 18 Ohio St.3d 356, 361, 481 N.E.2d 609 (1985) (Celebreeze, J., concurring), quoting *In re Landis*, 5 Ohio App.3d 22, 28, 448 N.E.2d 845 (10th Dist.1982)("Appellant's obligation is to pay money for the support of his children, including tuition for their attendance at a private school if that be reasonable and consistent with the standard of living the children would have enjoyed had the marriage continued.") This court also has affirmed a father's obligation to contribute to the parochial school tuition of his minor child. *See Worthen v. Worthen*, 2d Dist. Clark No. 2002 CA 33, 2002-Ohio-5587. While the parents in this case were never married, it is apparent from the record that both A.W. and J.W. enjoyed a standard of living which allowed them to attend private schools. Moreover, it is highly unlikely that Mother's yearly income would bear the expense of a private school education for even one, let alone both children. Accordingly, Father's assertion that no evidence was adduced with respect to the standard of living enjoyed by the children has no merit.

{¶ 23} After a thorough review of the record, we find no merit to Father's claim that

the record fails to support an upward deviation from the baseline amount of child support provided in R.C. 3119.04(B). Under the facts and circumstances of this case, it was not unreasonable for the trial court to upwardly deviate from the baseline amount of child support. Therefore, the trial court's decision to do so was not an abuse of discretion.

{¶ 24} Father's assignment of error is overruled.

{¶ 25} Father's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies sent to:

L. Anthony Lush
R.A.
Hon. Anthony Capizzi